RON BAMIEH (SBN 159413)
  rbamieh@bamiehdesmeth.com
DANIELLE DE SMETH (SBN 263309)
  ddesmeth@bamiehdesmeth.com
MEGHAN SHERRY (SBN 276976)
  msherrry@bamiehdesmeth.com
**BAMIEH & DE SMETH, PLC**
692 E. THOMPSON BOULEVARD
VENTURA, CA  93001
T: (805) 643-5555 | F: (805) 643-5558

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MERRILL, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | 1. Assault and Battery<br>2. Negligence<br>3. False Imprisonment<br>4. Intentional Infliction of Emotional Distress<br>5. Monell Claim, 42 U.S.C. § 1983<br>6. Violation of the Tom Bane Act, California Civil Code § 52.1 |
| CITY OF SAN BUENAVENTURA, a government entity; PETER YOUNG, an individual; OFFICER DOE, an individual; and DOES 1 through 10, Inclusive, | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiff STEVEN MERRILL hereby states and alleges as follows:

### PRELIMINARY

1.    This is an action for relief from violations by Defendants CITY OF SAN BUENAVENTURA (hereafter "City"), Defendant Officer PETER YOUNG ("Young"), and Defendant Officer DOE ("Doe").

2.    Defendants City, Officer Young, Officer Doe and Does 1 through 10, violated Plaintiff STEVEN MERRILL's ("Plaintiff") civil rights under state and federal law, unreasonable search and

-1-

COMPLAINT FOR DAMAGES

seizure, excessive force, negligence, assault, battery, false imprisonment, and intentional infliction of emotional distress.

## JURISDICTION

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law. This Court also has jurisdiction pursuant to 28 U.S.C. § 1343 because Plaintiff seeks damages for violations of his civil rights.

4. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share the same operative facts as his federal law claims, and the parties involved are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, and fairness to all involved parties.

## VENUE

5. Venue is proper and Defendants are subject to the personal jurisdiction of this Court pursuant to 28 U.S.C. 1391(b) because Defendants are employed and maintain facilities and business operations in this District, and all or most of the events giving rise to this action occurred in this District.

## PARTIES

6. Plaintiff is and was a resident of the City of San Buenaventura, State of California at all times relevant to the allegations in this complaint.

7. Plaintiff is informed and believes, and based upon such information and belief alleges that City of San Buenaventura is a chartered subdivision organized under the law of the State of California with the capacity to sue and to be sued, located in Ventura County, California and was so at the time of the incident giving rise to this complaint.

8. Plaintiff is informed and believes, and based upon such information and belief alleges that Defendant City owns operates, manages, directs, and controls the Ventura Police Department. (hereafter "Department")

9. Defendant Young is, and at all relevant times was, an employee of Defendant City's Department. Defendant Young at all relevant times herein acted, or purported to act, in his official capacity as a sworn peace officer as detective and/or officer for the Ventura Police Department.

10. Defendant Officer Doe, whose true identity is unknown at this time is, and at all relevant times was, an employee of Defendant City. Defendant Officer Doe at all relevant times herein acted, or purported to act, in his official capacity as a sworn peace officer as detective and/or officer for the Ventura Police Department.

11. The true names and capacities of DOES 1 through 10, inclusive, and each of them, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of filing this complaint and Plaintiff, therefore, sue said Defendants by such fictitious names and will ask leave of Court to amend this complaint to show their true names or capacities when the same have been ascertained. Plaintiff is informed and believe, and on that basis alleges, that each of the remaining "DOE" Defendants is, in some manner, are responsible for the events and happenings herein set forth and proximately caused injuries and damages to Plaintiff as herein alleged. Plaintiff is further informed and believe and thereon allege that Defendants, and each of them, acted as agents and/or representatives and/or conspirators for each and every other Defendant.

## GOVERNMENT TORT CLAIM COMPLIANCE

12. Pursuant to California Code of Civil Procedure § 910 et seq., on May 3, 2023, Plaintiff submitted a Claim for Damages or Injury to the City of San Buena Ventura.

13. On May 23, 2023, Defendant CITY rejected Plaintiff's Claims for Damages.

## FACTUAL ALLEGATIONS

14. On September 15, 2022, Plaintiff was arrested for the suspicion of manufacturing 3-D printed firearms.

15. On September 29, 2022, Plaintiff failed to appear for a court appearance, and a bench warrant was issued for his arrest.

16. On October 31, 2022, Plaintiff was in a motor vehicle accident. He suffered injuries to his arm as well as a head injury. Plaintiff's ulna bone in his right arm was broken, and a medical professional placed his arm in a cast to allow proper healing.

17. On November 4, 2022, Plaintiff was outside of The Shores Inn, located at 1059 S. Seaward Ave, Ventura CA 93001, with several friends. Ventura Police Officers Young and Doe approached the group indicating they were looking for Steven Merrill, related to the bench warrant issued on September

29, 2022.

18. Young and Doe performed an investigation and Plaintiff was identified as Steven Merrill. Officers instructed Plaintiff to sit down on the curb and continued to verify his identity. Plaintiff did not resist.

19. Once the officers took physical custody of Plaintiff, he submitted to Young and Doe's authority, and understood he was under arrest. Pursuant to the arrest Doe and Young began to search Plaintiff.

20. Plaintiff became concerned for his physical safety, as Young was physically rough with him in complete disregard for his physical safety or his recently broken right arm. Plaintiff was wearing a cast, and the injury was obvious.

21. Witnesses began to record the ongoing arrest of Plaintiff, however both officers aggressively told the witnesses to leave and not to record what they were doing. Unknown to the officers another witness began recording from an upstairs window of The Shores Inn.

22. Officer Doe performed the search of Plaintiff. Doe maintained a controlling hold of Plaintiff through a grip to Plaintiff's left hand. Plaintiff remained compliant, allowing the search of his person without protest. Only when his broken arm was jostled did Plaintiff verbally protest in pain.

23. Young then approached and began to question Plaintiff about the cast, stating he believed it was fake. Young's only focus was on Plaintiff's broken arm. Young removed Plaintiff's sling from the broken arm to search, Plaintiff again made noises of pain, asking Young to be careful.

24. Plaintiff told the officers that his arm was broken in a motor accident recently and was still painful. Plaintiff's broken arm was an open and obvious disabling condition visible to everyone including the officers.

25. Young inquired regarding Plaintiff's range of motion. Plaintiff indicated that he was unable to lift his broken arm. Young forced Plaintiff's arm into a vertical position to look at Plaintiff's hand. Plaintiff continued to verbally protest, attempting to move his arm back to alleviate the pain. Young then grabbed Plaintiff's right hand and arm, controlling Plaintiff with his broken arm.

26. Plaintiff screamed in pain that Young had rebroken his arm.

27. Young, assisted by Doe, unnecessarily used Plaintiff's broken arm to control and direct his

movement toward their patrol car. Once at the patrol car, Young slammed Plaintiff against the hood of his patrol car and twisted the rebroken arm behind Plaintiff's back. Young stated he witnessed a baggie fall out of Plaintiff's cast. No baggie was ever found.

28. Young began "poking" into Plaintiff's cast, stating that it was fake, causing unnecessary pain to Plaintiff. Plaintiff continued to scream in pain and yelling that his arm had been rebroken. Young conducted this unnecessary and painful search of Plaintiff's cast for approximately 2 minutes.

29. About an hour later, the officers finally took Plaintiff to the hospital.

30. The hospital confirmed Plaintiff's arm had been rebroken. Additionally, this break required traction to repair.

31. Defendant City, and the Ventura Police Department knew or should have known of the systemic use of excessive force by their officers, as this pattern and practice has been known and gone unremedied for several years. Plaintiff is informed and believes and alleges thereon that at all relevant times, Defendant City tolerated and even supported the use of excessive force by its officers, including individual defendants. Plaintiff is informed and believes and alleges that at all relevant times, the City had a custom, policy, or practice of deliberate indifference to and/or promotion of excessive force against the public. Such custom, policy, or practice is demonstrated by the City's actions and/or omissions, including but not limited to, the failure to adequately investigate and/or prosecute instances of excessive force, a code of silence regarding excessive force, active concealment of excessive force, and/or failure to adequately train, supervise, discipline, and/or screen Police Officers.

32. There are several known examples of the culture of excessive aggression condoned by the Ventura Police Department, including but not limited to the following cases: *Andrew Scott Hernandez v. Ventura Police Department, City of San Buenaventura, et al.,* Case No: 2:17-CV-03447 (Hernandez was shot in the back with a taser while lying face down and was not under arrest at time he was tased); *Phillip Feldscott v. City of San Buenaventura, San Buenaventura Police Department, et al*, Case No.: 2:13-cv-00199 (Feldscott suffered long term serious damage to his ulnar nerve of left hand caused by an excessive amount of time in overly tight handcuffs); *Denny D. Fields and Althia Alvardo v. City of San Buenaventura, San Buenaventura Police Department et al*, Case No. 2:12-cv-06739 (Ventura Police used excessive force on Fields by punching him, hitting him with a baton, allowing a bite by a K-9, and tasering

him 7-10 times when Fields denied them access to the dwelling without a warrant).

33. The conduct of Defendants Young and Doe was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages.

## FIRST CAUSE OF ACTION

### Assault and Battery

**(AGAINST ALL DEFENDANTS)**

34. Plaintiff incorporates all previous paragraphs of this complaint as if fully set forth herein.

35. Defendant Officer and/or other involved individuals Doe Defendants, engaged in unpermitted and harmful and offensive contact upon the persons of Plaintiff by detaining, handcuffing, and restricting his ability to move about.

36. Defendants Young and Doe were acting within the course and scope of their duties as law enforcement officers during all actions which make up this complaint.

37. Plaintiff reasonably believed he was about to be touched in a harmful or offensive manner when Defendant Young forced Plaintiff's arm into a vertical position to look at Plaintiff's hand. Young then grabbed Plaintiff's right hand and arm, controlling Plaintiff with his broken arm.

38. A reasonable person would be severely offended by the touching of Plaintiff by Officers Young and Doe.

39. Defendant City, as a public entity, is vicariously liable for the tortious actions of public employees, Defendant Officer Young and Doe, pursuant to California Governmental Code § 815.2.

40. As a result of the above-described conduct, the excessive use of force by Young and Doe, Plaintiff has suffered and continues to suffer general and specific damages, including physical injury, medical bills, loss of future earnings, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation and loss of enjoyment of life.

## SECOND CAUSE OF ACTION

### Negligence
### (Government Code § 815.2)
**(AGAINST ALL DEFENDANTS)**

41. Plaintiff incorporates all paragraphs of this complaint as fully set forth herein. Plaintiff knows, alleges, and affirms that Defendants and/or other involved individual Doe Defendants were the

proximate cause of damages to Plaintiff.

42. The individual Defendants caused damage to Plaintiff Steven Merrill on November 4, 2022, in the manner as set forth herein, which caused Plaintiff physical harm, bodily injury and emotional harm.

43. Defendant, City as a public entity, is vicariously liable for the tortious action of their public employees, Defendant Officer Young and Doe, pursuant to California Government Code § 815.2.

44. Defendants, and each of them, owed duties of care to Plaintiff, as well as to other members of the public, including the duty to prevent Defendant officers' actions and activities from becoming dangerous to the safety and welfare of others. Defendant officers, and each of them, breached their respective duties of care, by their acts, omissions and/or unlawful conduct as alleged herein.

45. As a result of their said acts, omissions and/or unlawful conduct, the Defendants, Does 1 through 10, inclusive, and each of them, are liable to Plaintiff, due to Defendants actions, which were a substantial factor in causing harm, injuries and damages to Plaintiff.

46. As a proximate and direct result of the said acts, omissions and/or unlawful conduct of the Defendants, and each of them, Plaintiff was hurt and injured in his health, strength, and activity, suffering bodily injuries, which has caused and continue to cause Plaintiff mental pain and suffering.

47. As a further proximate and direct result of the said acts, omissions and/or unlawful conduct of the Defendants, and each of them, Plaintiff was required to employ health care providers and/or other qualified persons to provide for, medical intervention, for which the amount of expenses will be shown according to proof at time of trial.

48. As a further proximate result of these said acts omissions and/or unlawful conduct of the Defendants, and each of them, Plaintiff sustained and will further sustain other, consequential and/or incidental expenses and/or damages, in an amount which will be shown according to proof at time of trial.

49. Plaintiff asserts that the acts of Defendants amounted to gross negligence.

### THIRD CAUSE OF ACTION

**False Imprisonment**

**(AGAINST ALL DEFENDANTS)**

50. Plaintiff incorporates all paragraphs of this complaint as if fully set forth herein.

51. On November 4, 2022, as more fully set forth above, Plaintiff was detained, his freedom of movement restricted and/or was falsely arrested.

52. Defendant City, as a public entity, is vicariously liable for the tort actions of public employees, Defendant Officers Young and Doe, pursuant to California Government Code §815.2.

53. Defendant Officers were acting within the scope of employment when they approached Plaintiff and detained him.

54. Defendant Officers Young and Doe are not immune from claims of False Imprisonment pursuant to California Government Code §820.4, which states that "Nothing in this section exonerates a public employee from liability for false arrest or false imprisonment."

55. Plaintiff was rudely and as a result of the gross negligence of Defendants, restrained and suffered a great bodily injury against his will by the unprovoked and unwarranted actions of Defendants.

56. Plaintiff was detained against his will for an appreciable length of time, by being handcuffed and otherwise forced to not move by Defendant Officers.

57. Defendants, and each of them, acted oppressively and maliciously, engaging in despicable conduct with a willful and conscious disregard of the rights and safety of Plaintiff.

**58.** As a result of the above-described conduct, Plaintiff has suffered and continues to suffer general and special damages, including physical injury, medical bills, lost earnings, loss of future earnings, great emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life.

## FOURTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (AGAINST ALL DEFENDANTS)

59. Plaintiff incorporates all paragraphs of this complaint as if fully set forth herein.

60. Because this claim arises out of Plaintiff's Third Cause of Action for False Imprisonment, Defendant, City, as a public entity, is vicariously liable for the tort actions of public employees, Defendant Officers Young and Doe, pursuant to California Government Code § 815.2, where Defendant Officers were acting within the scope of their employment.

-8-
COMPLAINT FOR DAMAGES

61. Defendant Officers were acting within the scope of employment when they approached Plaintiff, detained him, moved him to the curb and then to the back of his truck where they inflicted the majority of the physical harm to him.

62. The conduct set fourth hereinabove and directed at Plaintiff was extreme and outrageous and abuse of the authority and position of Defendants. Said conduct was intended to cause physical harm and severe emotional distress or was done in conscious disregard of the probability of causing such distress.

63. Defendants abused their position of authority toward Plaintiff, and engaged in conduct intended to humiliate Plaintiff and to convey the message that he was powerless to defend his rights. Defendants City and Department abused their authority and directly injured Plaintiff by ratification of Defendant Youngs' acts and by its action in failing to protect and violating the privacy and safety of Plaintiff.

64. The foregoing conduct was a substantial factor in causing the Plaintiff to suffer extreme emotional distress. As the actual and proximate result of Defendants conduct, Plaintiff has suffered and continues to suffer general and special damages, including physical injury, medical bills, lost earnings, great emotional distress, embarrassment, lass of self-esteem, disgrace, humiliation, and loss of enjoyment of life.

65. Defendants conduct was either intentional or reckless and was so extreme as to exceed all bounds of decency in a civilized community.

## FIFTH CAUSE OF ACTION
## MONELL CLAIM– 42 U.S.C. § 1983
## (AGAINST ALL DEFENDANTS)

66. Plaintiff incorporates all paragraphs of this complaint as if fully set forth herein.

67. Defendant Officer Young violated Plaintiff's Fourth and Fourteenth Amendment rights when he used excessive force against Plaintiff without provocation and without legitimate justification.

68. Defendant Officer Doe failed to stop the unprovoked and unjustified excessive force against Plaintiff and compounded it by assisting in restricting Plaintiff's movements.

69. Young used force that was excessive and unreasonable under the circumstances.

70. The actions of Young were performed under color of state law and violation of Plaintiff's right under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable and unlawful search and seizure.

71. Defendant City employees monitor, enforce, and regulate the police and actions of the Ventura Police Department and are responsible for the actions of its officers and the health and safety of the individuals in their custody, control, and care.

72. Plaintiff is informed and believes and thereon alleges that at all relevant times, Defendant City tolerated and even supported the use of excessive force by its law enforcement officers, including Officers Young and Doe, as well as Does 1-10 as more fully alleged above.

73. Due to the deliberate indifference shown by City officials to such blatant behavior, Defendant City ratified this conduct as a practice of the department.

74. Defendant City's failure to curb peace officers' inappropriate use of force with public and individuals suspected of criminal activity, including but not limited to Defendant Young's conduct, constitutes deliberate action attributable to the City, rendering it a moving force behind the deprivation of Plaintiff's rights.

75. Continued adherence to this approach, policy, or procedure that the City knew or should know has failed to prevent tortious conduct by employees establishes the conscious disregard for the consequences of their action --- the "deliberate indifference"—necessary to trigger municipal liability.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE TOM BANE CIVIL RIGHTS ACT (CIV. CODE § 52.1)

### (AGAINST ALL DEFENDANTS)

76. Plaintiff incorporates all of the paragraphs of this complaint as though fully set forth herein.

77. Plaintiff claims that Defendants Officer Young, Officer Doe, and Does 1 through 10 interfered with or attempted to interfere with the enjoyment of his constitutional rights by threats, intimidation, or coercion in violation of California Civil Code § 52.1 (the Bane Act).

78. As set forth in Civil Code § 52.1(b), "Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or law of

this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a) may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured."

79. Plaintiff brings this action based upon Defendants' violation of his rights of liberty and to be free from excessive force under the Fourth Amendment to the United States Constitution.

80. Defendant Officer Young violated Civil Code Section 52.1 when he attacked Plaintiff without provocation, twisted Plaintiff's broken arm, accusing him of hiding drugs in a fake cast.

81. Defendant Officer Doe violated Civil Code Section 52.1 when he failed to stop Young's unlawful conduct and, instead, assisted in the painful and unreasonable search of Plaintiff's arm.

82. Defendants' conduct in violation of Plaintiff's rights under § 52.1, proximately and legally caused damages to Plaintiff, including, but not limited to: pain, suffering, scarring, emotional distress, anger, fear, trepidation and chagrin, loss of opportunities to find other employment, past, present, and/or future medical, psychological, psychiatric and/or hospital bills and expenses for treatment and other economic and non-economic damages according to proof.

83. As a result of Defendants' misconduct and violation of Civil Code § 52.1, Plaintiff experienced coercion separate from that which is inherent in a lawful arrest by virtue of the significant injury Plaintiff suffered during the arrest.

84. Defendants Young and Doe while working as police officers for City, interfered with Plaintiff's rights to be free from state actions that shock the conscience and to unreasonable search and seizure. Defendants further unreasonably delayed Plaintiff timely medical assistance, due process, and equal protection of federal and state law.

85. Defendant City is vicariously liable for Defendant Young and Doe violations of Civil Code § 52.1 pursuant to Civil Code § 52.1 and Government Code § 815.2.

86. Plaintiff is also entitled to attorney's fees pursuant to § 52.1(h) ("In addition to any damages, injunction, or other equitable relief awarded in an action pursuant to subdivision (b), the court may award the petitioner or plaintiff reasonable attorney's fees.")

///

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF REQUESTS ENTRY OF JUDGMENT IN HIS FAVOR AND AGAINST DEFENDANTS CITY OF SAN BUENAVENTURA, OFFICER PETER YOUNG, OFFICER DOE AND DOES 1-10, INCLUSIVE, AS FOLLOWS:

1. For compensatory damages in an amount to be proven at trial;
2. For past and future non-economic damages, in an amount to be proven at trial;
3. For punitive damages against the individual defendants, in an amount to be proven at trial;
4. For statutory damages pursuant to Cal. Civil Code §§ 51.7, 52, and 52.1, in an amount to be proven at trial;
5. For interest, as allowed by law;
6. For reasonable costs and attorneys' fees; and
7. For such other relief as this court deems appropriate under the circumstances.

**TRIAL BY JURY CLAIM**

Plaintiff hereby respectfully demands a jury trial on all causes of action for which a jury is available under the law.

Dated: November 21, 2023                    BAMIEH & DE SMETH, PLC

*/s/ Meghan Sherry*
RON BAMIEH
DANIELLE DE SMETH
MEGHAN SHERRY
**ATTORNEYS FOR PLAINTIFF**

COMPLAINT FOR DAMAGES